**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2581-18T3

JOSEPH SIGISMONDI,

     Plaintiff-Appellant,

v.

CITY OF VENTNOR
PLANNING BOARD,

     Defendant-Respondent.

_____

              Argued December 11, 2019 – Decided December 20, 2019

              Before Judges Haas and Enright.

              On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2652-17.

              Joseph Sigismondi, appellant, argued the cause pro se.

              Elias T. Manos argued the cause for respondent.

PER CURIAM

     Plaintiff Joseph Sigismondi appeals from an order which affirmed the denial of variance relief by defendant City of Ventnor Planning Board (Board).

We affirm, substantially for the reasons set forth in the comprehensive oral opinion of Judge John C. Porto on January 4, 2019.

Plaintiff owns a single-family home in Ventnor City. As the owner of the property, he constructed a deck on the side and front of his home without obtaining any permits. The deck was built with a zero-foot side yard setback directly against the garage on the neighboring property. It also extended across the front property line into Ventnor City's right-of-way by 2.66 feet and had a rear yard setback of .23 feet.[1] The deck was about fourteen inches high.

In June 2017, plaintiff filed an application with the Board seeking variances for the deck. The Board denied his application on November 9, 2017. As the Board noted in its resolution, the zoning ordinance requires a front yard setback of seven feet, and a side yard setback of four feet, yet plaintiff sought setbacks of "zero and zero," respectively. Plaintiff also requested a rear yard setback of .23 feet, notwithstanding the zoning ordinance requirement that there be a rear yard setback of six feet.

Plaintiff filed a complaint in lieu of prerogative writs, seeking a reversal of the Board's decision. Judge Porto upheld the Board's denial of the variances.

---

[1] Plaintiff's counsel represented to Judge Porto that at the time of the Board hearing, plaintiff had agreed to remove the area of the deck involving the right-of-way.

A-2581-18T3

As the judge noted in his oral opinion, the Board found the relief sought by plaintiff did not advance any of the purposes of the zoning set forth in N.J.S.A. 40:55D-2 and there was no benefit to granting the relief. Judge Porto also upheld the Board's determination that granting the requested variance relief would cause a substantial detriment to the public good and would impair the intent and purpose of the zone plan and zoning ordinance. Additionally, the judge affirmed the Board's finding that plaintiff's deck would "impede circulation" around the property, that it would present property maintenance issues to the neighboring owner, and provide no benefit other than to the plaintiff. Lastly, the judge noted plaintiff had not pursued a variance based on hardship.

We review a zoning board's decision using the same standard as the trial court, Cohen v. Bd. of Adjustment of the Borough of Rumson, 396 N.J. Super. 608, 614-15 (App. Div. 2007), and, like the trial court, our review is limited. Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998). We give deference to a zoning board's decision and will only reverse if the decision was arbitrary, capricious or unreasonable. Kane Properties, LLC v. City of Hoboken, 214 N.J. 199, 229 (2013). However, where the issue on appeal involves a purely legal question, we afford no special

deference to the trial court's or the zoning board's decision. D. Lobi Enters., Inc. v. Planning/Zoning Bd. of the Borough of Sea Bright, 408 N.J. Super. 345, 351-52 (App. Div. 2009). Still, we may not substitute our judgment for that of the municipal body. Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965). As Justice Long emphasized in Jock v. Zoning Bd. of Adjustment:

> In the final analysis . . . public bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion. The proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record.
>
> [184 N.J. 562, 597 (2004) (citations omitted).]

"A court should sustain a local zoning board's determination to grant a zoning variance if that board's decision comports with the statutory criteria and is founded on adequate evidence [in the record.]" Burbridge v. Mine Hill, 117 N.J. 376 (1990). Yet, we give even greater deference to a planning board's decision to deny a variance. Nextel of New York, Inc. v. Borough of Englewood Cliffs Bd. of Adjustment, 361 N.J. Super. 22, 38 (App. Div. 2003) (citing Northeast Towers, Inc. v. Zoning Bd. of Adjustment for W. Paterson, 327 N.J. Super. 476, 494 (App. Div. 2000)); Med. Ctr. at Princeton v. Twp. of Princeton Zoning Bd. of Adjustment, 343 N.J. Super. 177, 199 (App. Div. 2001). A person

challenging a denied variance has a "heavier burden . . . to prove that the evidence before the board was 'overwhelmingly in favor of the applicant.'" Nextel of New York, Inc., 361 N.J. Super. at 38 (quoting Northeast Towers, 327 N.J. Super. at 494).

Guided by these principles, we discern no reason to disturb the decisions of the trial court or the Board, and affirm substantially for the reasons expressed in Judge Porto's cogent oral opinion.

Plaintiff's remaining arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2581-18T3